# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NRG ENERGY, INC., a Delaware corporation,<br><br>          Plaintiff-Counterdefendant,<br><br>   vs.<br><br>JERRY M. FUCHS, an individual,<br><br>          Defendant-Counterclaimant. | CASE NO. 10-CV-0989-H (WVG)<br><br>**ORDER GRANTING MOTION TO DISMISS** |
| JERRY M. FUCHS, an individual,<br><br>          Third-Party Plaintiff,<br><br>   vs.<br><br>ENEL NORTH AMERICA, INC., a Delaware Corporation,<br><br>          Third-Party Defendant. | |

On March 14, 2011, Plaintiff and Counterdefendant NRG Energy, Inc. ("NRG") filed a motion to dismiss Defendant and Counterclaimant Jerry M. Fuchs ("Fuchs")'s counterclaims. (Doc. No. 39.) On April 11, 2011, Fuchs filed a response in opposition to NRG's motion. (Doc. No 44.) On April 18, 2011, NRG filed its reply. (Doc. No 49.) The Court determined this matter to be appropriate for resolution without oral argument and submitted it on the parties' papers pursuant to Local Civil Rule 7.1(d)(1). (Doc. No. 51.) For the reasons below, the Court

GRANTS NRG's motion to dismiss Fuchs' counterclaims.

**Background**

On May 7, 2010, NRG filed a complaint against Fuchs alleging claims for: (1) breach of contract; (2) unjust enrichment; and (3) money had and received. (Doc. No. 1.) NRG alleges that it entered into a severance and release agreement with Fuchs, and that Fuchs later breached the agreement by failing to reimburse NRG a portion of his severance payment as required by the terms of the contract. (Id.) On February 21, 2011, Fuchs filed counterclaims against NRG alleging claims for: (1) fraud; (2) concealment; and (3) negligent misrepresentation. (Doc. No. 37.)

**Discussion**

**I. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see

also Twombly, 550 U.S. at 555.

**II. Defendant's Counterclaims**

NRG argues that Fuchs fails to plead his fraud based claims with particularity as required by Federal Rule of Civil Procedure 9(b). (Doc. No. 39-1 at 7-9.) NRG also argues that Fuchs's counterclaims should be dismissed because Fuchs fails to properly plead the damages elements of his causes of actions. ( at 5-7.) In response, Fuchs argues that he properly plead his counterclaims. (Doc. No. 44 at 5-9.)

Under California law, "[t]he elements of intentional misrepresentation, or actual fraud, are: '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'" Anderson v. Deloitte & Touche, 56 Cal. App. 4th 1468, 1474 (1997). "'[T]he elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." Hahn v. Mirda, 147 Cal. App. 4th 740, 748 (2007). "The elements of negligent misrepresentation are '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc., 171 Cal. App. 4th 35, 50 (2009) (citation omitted).

Under Federal Rule of Civil Procedure 9, a plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)). "'[A] plaintiff must set forth more than

1  the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false
2  or misleading about a statement, and why it is false.'" Id. at 1106 (quoting Decker v. GlenFed,
3  Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir.1994)). "While statements of
4  the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory
5  allegations of fraud" are not. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th
6  Cir. 1989).

7        The Court concludes that Fuchs' fraud based counterclaims fail to meet Rule 9(b)'s
8  heightened pleading standards. In support of his three counterclaims, Fuchs relies on a statement
9  that was made in an August 21, 2009 email that was sent to him from Denise Wilson, an
10 employee of NRG. (Doc. No. 37 ¶ 11.) The email was regarding severance agreements for
11 Fuchs and three other NRG employees Jan Paulin, Jeff Marks, and Bernie Holst (all four
12 collectively the "Padoma Principals"). (Id.) Fuchs alleges that the email attached a document
13 entitled "Proposed Term Sheet Employment Agreement for Pandoma Principals" and indicated
14 that Ms. Wilson "was awaiting the Padoma Principals', including FUCHS, acceptance of 'these
15 terms.'" (Id.) Fuchs alleges that Ms. Wilson's use of the phrase, "these terms," represented to
16 him that the terms, including the severance amounts, for each of the Padoma Principals were the
17 same. (Id.) Fuchs goes on to allege that this was untrue because on or about January 29, 2010
18 he learned that Mr. Paulin and Mr. Marks had received higher severance amounts. (Id. ¶ 12.)

19       The Court concludes that these allegations do not satisfy the "how" requirement of Rule
20 9(b)'s heightened pleading standard. See Vess, 317 F.3d at 1106. In particular, Fuchs has not
21 explained how the phrase, "these terms," was false or misleading at the time Ms. Wilson made
22 them. See San Francisco Design Ctr. Assocs. v. Portman Co., 41 Cal. App. 29, 43-44 (1995)
23 ("It is hornbook law that an actionable misrepresentation must be made about past or existing
24 facts; statements regarding future events are merely deemed opinions."). Fuchs only alleges that
25 five months after receiving the email, he found out that he received lower compensation than the
26 other two employees. (Doc. No. 37 ¶ 12.) Fuchs also has not explained how the phrase "these
27 terms" meant that all of the terms of the agreement would be the exact same for all the Padoma
28 Principals, including the severance amount. Absent further factual elaboration, the phrase "these

terms" is at best ambiguous and is too vague to support a cause of action for fraud. See Rochlis v. Walt Disney Co., 19 Cal. App. 4th 201, 216 (1993) ("Promises too vague to be enforced will not support a fraud claim any more than they will one in contract."); see also Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658 (9th Cir. 2010) (affirming dismissal of a fraud claim based on California law where the statement was too vague and provided "nothing concrete upon which [Plaintiff] could have reasonably rel[ied]"). Also, with respect to Fuch's claim for concealment, Fuch has not alleged that or explained how NRG had a duty to disclose the allegedly withheld information to him, which is a required element of that claim. See Hahn, 147 Cal. App. 4th at 748.

In addition, the Court concludes that Fuchs' counterclaims fail to properly plead the damages element of his fraud based claims. Damages is an element of all three of Fuch's causes of action. See Anderson, 56 Cal. App. 4th at 1474; Hahn, 147 Cal. App. 4th at 748; Nat'l Union Fire Ins. Co., 171 Cal. App. 4th at 50. "An action for fraud or deceit demands . . . proof of damages caused by misrepresentations or concealment of information. 'Fraudulent representations which work no damage cannot give rise to an action at law'" Williams v. Wraxall, 33 Cal. App. 4th 120, 131-32 (1995). If a plaintiff seeks actual damages rather than recission for a fraud claim, the plaintiff must have suffered "actual monetary loss to recover on a fraud claim." Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1240 (1995); see also City of Vista v. Robert Thomas Sec., 84 Cal. App. 4th 882, 887 (2000). Actual damages are to be distinguished from those which are "speculative rather than existing or certain." Saunders v. Taylor, 42 Cal. App. 4th 1538, 1544 (1996). "'[T]he mere probability that a certain event would have happened upon which a claim for damages is predicated, will not support the claim or furnish the foundation of an action for such damages.'" Marshak v. Ballesteros, 72 Cal. App. 4th 1514, 1518 (1999).

In his counterclaims, Fuch's seeks actual and compensatory damages. (Doc. No. 37 at 5.) Accordingly, Fuchs is required to show that he suffered actual monetary loss to recover on his claims. See Alliance Mortgage, 10 Cal. 4th at 1240. In his counterclaims, Fuchs alleges that he "was harmed in that he unknowingly received less monetary compensation from NRG for his

1  severance amount than Mr. Paulin and Mr. Marks." (Doc. No. 37 ¶¶ 19, 26, 33.) Fuchs appears
2  to allege that his harm was lack of information rather than an actual monetary loss. Indeed, any
3  claim by Fuchs for monetary loss based on the allegations in his counterclaims would be entirely
4  speculative. Fuchs has provided no allegations showing how if he knew of the allegedly
5  withheld information, he would have actually been able to receive a higher severance payment
6  from NRG. In his response to NRG's motion, Fuchs admits "that [he] cannot conclusively state
7  that NRG Energy would have provided him with a higher severance compensation." (Doc. No.
8  44 at 5.) Accordingly, Fuchs has not plead that he suffered actual monetary loss, and any claim
9  that he did suffer monetary loss would be entirely speculative. See Marshak, 72 Cal. App. 4th
10 at 1518.

11 In response to this damages issue, Fuchs makes two arguments. First, Fuchs argues that
12 argues that Rule 9(b)'s heightened pleadings standards do not apply to the damages elements
13 of his fraud claims, citing Interserve, Inc. v. Fusion Garage PTE, Ltd., 2011 U.S. Dist LEXIS
14 12935, at *7-8 (N.D. Cal. Feb. 9, 2011) ("Rule 9(b) may not apply to the reliance and damages
15 elements of a fraud claim.). However, in Interserve, the district court noted that there was case
16 law on both sides of this issue, and that the Ninth Circuit has not directly addressed whether
17 Rule 9(b) applies to the reliance and damages elements. See id. at *5-7. Further, it does not
18 matter which standard this Court applies because Fuchs' speculative claim of actual damages
19 fails even Rule 8(a)(2)'s lower pleading standard. See Twombly, 550 U.S. at 555 ("Factual
20 allegations must be enough to raise a right to relief above the speculative level.") Accordingly,
21 under either standard, Fuchs has failed to plead the damages elements of his three fraud based
22 claims.

23 Second, Fuchs argues that he does not have to allege that he suffered actual monetary
24 loss to recover on his fraud claims because he can seek recission of the contract. (Doc. No. 44
25 at 5-7.) See Alliance Mortgage, 10 Cal. 4th at 1240. While Fuchs' prayer for relief does ask
26 for any relief the Court deems proper, Fuchs' counterclaims do not mention seeking recission or
27 even mention the contract that he would be seeking to rescind. (See Doc. No. 44.) In addition,
28 the remedy of recission is inconsistent with the remedy of actual and compensatory damages that

Fuchs sought in his counterclaims. (Id. at 5.) See Denevi v. LGCC, 121 Cal. App. 4th 1211, 1220 (2004) ("the law requires one who has been defrauded into entering a contract to choose either to 'affirm or rescind' the contract"); Paularena v. Sup. Ct. of San Diego Cnty., 231 Cal. App. 2d 906, 915 (1965) ("it is wholly inconsistent for [plaintiff] to ask for damages based upon an affirmance of the contract, and if he cannot have such, for damages or relief based on disaffirmance."). Accordingly, Fuchs' argument fails because he has not plead recission as a remedy in his counterclaims or provided factual allegations in his counterclaims showing he is entitled to recission. See Twombly, 550 U.S. at 555.

In sum, the Court concludes that Fuchs' fraud based counterclaims fail to meet Rule 9(b) heightened pleadings standards, and they also fail to properly plead the damages elements of Fuchs' claims.

### Conclusion

For the reasons above, the Court GRANTS NRG's motion to dismiss Fuch's counterclaims without prejudice. The Court GRANTS Defendant and counterclaimant Fuch 30 days from the date of this order to amend or cure the deficiencies–if he can–in amended counterclaims.

**IT IS SO ORDERED.**

DATED: April 28, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT